Affirmed and Memorandum Opinion filed July 22, 2010



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00157-CR



 

Michael Alexis Zuluaga, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 1000669



 

MEMORANDUM OPINION

 

Appellant, Michael Alexis Zuluaga, was convicted of aggravated
assault with a deadly weapon and sentenced to 20 years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  In a
single issue, appellant contends the evidence is factually insufficient to
support his conviction.  We affirm.

Factual and
Procedural Background

On August 21, 2004, David Gonzalez, the complainant,
was sitting outside his home with three friends, Paul Diaz, Henry Carasco, and
Javier Pena.  Appellant drove up and stepped out of his vehicle holding a
handgun.  Complainant knew appellant because appellant was a former neighbor
and acquaintance.  Appellant approached the complainant and shot him at point-blank
range.  The complainant was immediately driven to the hospital and recovered
from a bullet wound to his chest.  The complainant, Diaz, Carasco, and Pena
identified appellant as the shooter.  Approximately two years later, a police
officer with the Sugar Land Police Department stopped a vehicle in which
appellant was a passenger.  Appellant presented an identification card with an
alias, but was properly identified after his arrest.

At trial, the responding police officers testified
that each of the witnesses to the shooting identified appellant as the
shooter.  The complainant testified that approximately one month before the
shooting, appellant phoned the complainant and accused him of harassing
appellant’s mother.  The complainant became angry and called appellant a
“bitch.”  The complainant testified that when appellant shot him, he said, “You
want to call me my bitch,” or “something like that.”

Appellant testified that at the time of the shooting
he was in Medellin, Colombia.  Appellant entered the country illegally and was
deported as a result of a narcotics conviction in 2002.  Appellant admitted
speaking to the complainant by telephone in July 2004, but said he phoned from
Colombia.  Appellant accused the complainant of stealing from appellant’s mother
and requested that the thefts stop.  Appellant testified that he did not return
to the United States until 2005.

Factual
Sufficiency of the Evidence

In a factual sufficiency review, we consider all the
evidence in a neutral light. Prible v. State, 175 S.W.3d 724, 730–31
(Tex. Crim. App. 2005).  The evidence may be factually insufficient in two
ways.  Id. at 731.  First, when considered alone, the evidence
supporting the verdict may be so weak that the verdict is clearly wrong and
manifestly unjust.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Id.  In
conducting a factual sufficiency review, we must employ appropriate deference
so we do not substitute our judgment for that of the fact finder.  Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must
consider the evidence appellant claims is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W .3d 600, 603
(Tex. Crim. App. 2003).  The jury, as the trier-of-fact, is the sole judge of
the credibility of witnesses.  See Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988).  The jury chooses whether to believe all or part of a
witness’s testimony.  See id.  We do not engage in a second evaluation
of the weight and credibility of the evidence, but only ensure the jury reached
a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).

A person commits aggravated assault if he commits
assault and (1) causes serious bodily injury to another or (2) uses or exhibits
a deadly weapon during the commission of the assault.  Tex. Penal Code Ann. §
22.02(a) (Vernon Supp. 2009).  Appellant contends the evidence was factually
insufficient to support the jury’s verdict because the State’s evidence
“consisted entirely of the testimony of the complainant,” and appellant’s
“testimony was cogent and more credible than that of the complainant.”[1]


The complainant testified that appellant shot him at
point-blank range.  One of the responding officers testified that three
witnesses also identified appellant as the shooter.  Appellant contradicted the
complainant’s and the officer’s testimony by testifying that he was in Colombia
at the time of the shooting.  Therefore, the jury was faced with conflicting
evidence with regard to whether appellant was the shooter.  

This court cannot invade the province of the jury by
engaging in a second evaluation of the credibility of the witnesses.  See
Muniz, 851 S.W.2d at 246.  Viewing the evidence in a neutral light, we
conclude that the evidence is not so weak that the jury’s verdict is clearly
wrong and manifestly unjust or that the verdict is against the great weight and
preponderance of the evidence.  See Watson v. State, 204 S.W .3d 404,
414–15 (Tex. Crim. App. 2006).  Appellant’s issue is overruled.

The judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Because a factual sufficiency review begins with the presumption that the
evidence supporting the jury’s verdict is legally sufficient, and because
appellant challenges only the factual sufficiency of the evidence, appellant
effectively concedes the evidence is legally sufficient to sustain his
conviction.  See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996);
Newby v. State, 252 S.W.3d 431, 435 n.1 (Tex. App.—Houston [14th Dist.]
2008, pet. ref’d).